1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E-FILED on ___11/12/2008_____**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>ATUL BHAGAT and AMIT BHAGAT,<br><br>        Defendants. | No. C-01-21073 RMW<br><br>ORDER GRANTING THE SEC'S MOTION TO DISBURSE DISGORGEMENT<br><br>**[Re Docket No. 73]** |

        This SEC enforcement action parallels a criminal case for insider trading against defendant Atul Bhagat.  Following Bhagat's criminal conviction, the court granted the SEC's motion for summary judgment.  *See* Docket No. 49 (Apr. 18, 2003).  The court then stayed any inquiry into remedies during the pendency of Bhagat's appeal of his conviction.  *See* Docket No. 51 (Jun. 9, 2003).  Following the appellate court's affirmance, the court lifted the stay and held a hearing on remedies.  *See* Docket No. 64 (Jun. 6, 2007) (lifting stay); Docket No. 70 (Aug. 2, 2007) (hearing minutes).  The court ordered Bhagat to disgorge $64,188.50 in ill-gotten gains, which Bhagat paid to the court on November 19, 2007.  *See* Docket No. 72 (Nov. 8, 2007).

1    The SEC now moves for the court to disburse the $64,188.50 to the United States Treasury.

2    Bhagat does not oppose the motion, though this is not surprising given that he no longer possesses

3    any interest in the money.  The court has reviewed the papers.  *See* Civil L.R. 7-1(b).  For the

4    following reasons, the court grants the motion.

5    Disgorgement aims to recoup the "ill-gotten gains" resulting from a violation of the law and

6    thus deter misconduct by removing the possibility that a wrongdoer might profit from violating the

7    securities laws.  *SEC v. First Pac. Bancorp*, 142 F.3d 1186, 1191-92 (9th Cir. 1998).  Disgorgement

8    is not a fine or punishment though, as it must bear some relation to the wrongdoer's gains.  *Hateley*

9    *v. SEC*, 8 F.3d 653, 656 (9th Cir. 1993); *see also SEC. v. First Jersey Securities, Inc.*, 101 F.3d

10   1450, 1476 (2d Cir. 1996) ("No more than the total amount of First Jersey's unlawful profits, plus

11   interest on those amounts, is to be disgorged");  *SEC v. First City Fin. Corp., Ltd.*, 890 F.2d 1215,

12   1231 (D.C. Cir. 1989) ("[D]isgorgement may not be used punitively.").  Therefore, disgorged

13   monies should not necessarily flow to the United States Treasury.  But disgorgement is not

14   restitution either, meaning that it need not compensate investors.  *SEC v. Fischbach Corp.*, 133 F.3d

15   170, 175-76 (2d Cir. 1997); *SEC v. Drexel Burnham Lambert, Inc.*, 956 F. Supp. 503, 507 (S.D.N.Y.

16   1997).  This unusual nature of the disgorgement remedy makes it unclear who should received

17   disgorged monies.  *Drexel Burnham Lambert*, 956 F. Supp. at 507 (noting that the court "must make

18   an equitable distribution of the funds" and that no statute compels any outcome).

19   Nevertheless, a general practice of awarding disgorged funds to the victims of the illegal

20   conduct appears to have emerged.  *Fischbach*, 133 F.3d at 175; *see, e.g., SEC v. Lund*, 570 F. Supp.

21   1397, 1404-05 (C.D. Cal. 1983) (creating an escrow account for $12,500 in disgorged funds to be

22   distributed to investors).  One treatise notes, however, that:

23           [a]lthough distribution of the disgorgement proceeds to investors may be
             appropriate in many cases, disgorgement is not appropriate when there are a large
24           number of investors with relatively small claims.  The SEC simply is not
             equipped to act as a collection agency in every case that results in compensable
25           losses to investors.

26   Thomas Lee Hazen, 5 Treatise on the Law of Securities Regulation 26 (2005).  For that reason,

27   courts permit the United States Treasury to receive monies that cannot be distributed to investors.

28   *See, e.g., Lund*, 570 F. Supp. at 1405.  In other words, the court should disburse the disgorged

ORDER GRANTING THE SEC'S MOTION TO DISBURSE DISGORGEMENT
C-01-21073 RMW
TSF                                                      2

1    monies to the Treasury when "distribution to identifiable injured parties is not feasible or

2    appropriate." *Drexel Burnham Lambert*, 956 F. Supp. at 507.

3         In this case, the SEC argues that any attempt at distributing the $64,188.50 to the aggrieved

4    investors would consume the funds and thus not "be reasonably productive." The aggrieved

5    shareholders would likely comprise all of the "contemporaneous" net sellers of the stock. *See* 15

6    U.S.C. § 78t-1(a); *In re Fed. Nat'l Mortg. Ass'n Securities, Derivative, and "ERISA" Litig.*, 503 F.

7    Supp. 2d 25, 46-47 (D.D.C. 2007) (interpreting "contemporaneous" as occurring one day after the

8    insider trading); *Alfus v. Pyramid Tech. Corp.*, 745 F. Supp. 1511, 1522-23 (N.D. Cal. 1990)

9    ("contemporaneous" must be less than "a few days"). The SEC points out that on the date of

10   Bhagat's insider trading, the stock had a transaction volume of over 10 million shares. From this, the

11   SEC roughly estimates that distributing Bhagat's disgorgement monies to the investors would entitle

12   each seller to approximately 6/10 of a cent per share.

13        The court agrees that attempting to distribute Bhagat's less than $65,000 to such a broad class

14   of investors would produce more waste than benefit. Even if all sales were made in 1,000 share

15   blocks, each seller would be entitled to a mere $6.00.[1] Identifying those sellers, communicating

16   with them, and making out a check would likely incur $6.00 in transaction costs. Accordingly, the

17   court grants the SEC's motion. The clerk of the court shall disburse the $64,188.50 and any accrued

18   interest to the United States Treasury.

19

20   DATED:      11/8/2008

21                                              RONALD M. WHYTE
                                                United States District Judge
22

23

24

25

26

27

28        [1]      This assumption is conservatively based in part on the transaction volumes of the
     defendants. Atul Bhagat purchased 1,000 shares, his co-defendant purchased 75.

ORDER GRANTING THE SEC'S MOTION TO DISBURSE DISGORGEMENT
C-01-21073 RMW
TSF                                           3

1   **Notice of this document has been electronically sent to:**

2   **Counsel for plaintiff, the SEC:**

3   Michael S. Dicke               dickem@sec.gov
    Craig David Martin            cmartin@mofo.com

4   Helane Leslie Morrison       morrisonh@sec.gov
    Kashya Kao-Hsiu Shei       sheik@sec.gov

5   John Scott Yun                yunj@sec.gov

6

7   **Counsel for defendant, Atul Bhagat:**

8   Robert Lloyd Maines        maines@robertmaineslaw.com
    Mary Geraldine McNamara   mmcnamara@swansonmcnamara.com

9

10  Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

11

12  **Dated:**       11/12/2008                 TSF

13                                   **Chambers of Judge Whyte**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28